**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ONE PARCEL OF PROPERTY LOCATED )<br>AT 836 SOUTH HULL STREET, )<br>MONTGOMERY, MONTGOMERY )<br>COUNTY, ALABAMA, WITH ALL )<br>APPURTENANCES AND IMPROVEMENTS)<br>THEREON, )<br>)<br>Defendant. ) | Civil Action No. 2:03cv1078-A<br>WO |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment filed by the United

States of America (Doc. # 27) on March 3, 2005.

The United States filed a Verified Complaint for Forfeiture in Rem, seeking forfeiture of

the real property and premises located at 836 Hull Street, Montgomery, Montgomery County,

Alabama, pursuant to 21 U.S.C. § 881.

For the reasons to be discussed, the Motion for Summary Judgment filed by the United

States is due to be GRANTED in part and DENIED in part.

**II. SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324; see also U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. See Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III.  FACTS

The submissions to the court establish the following facts, viewed in a light most favorable to the non-movants:

The United States states in a Verified Complaint that a sale of five pounds of marijuana was negotiated, and the marijuana paid for in United States Department of Agriculture Electronic Benefit Transfer Food Coupons, also known as food stamps, at a store on the Defendant property. The United States further states in the Verified Complaint that the marijuana was delivered to the purchaser at the Defendant property and was taken by the purchaser from the Defendant property.

The Defendant property is owned by claimants Faisel Mohammed and Oritte Yousef. These claimants have presented evidence, in the form of affidavit and deposition testimony, that they had no knowledge of any illegal drug activity occurring on the Defendant property.

### IV. DISCUSSION

Because this forfeiture proceeding was commenced on or after August 23, 2000, it is subject to the Civil Asset Forfeiture Reform Act or CAFRA. See U.S. v. Certain Real Property Located at 263 Weatherbrook Lane, Anniston, Alabama, known as ""The Platinum Club", 202 F. Supp. 2d 1275, 1276 (N.D. Ala. 2002).  Under CAFRA, the United States has the initial burden to prove by a preponderance of the evidence that property is subject to forfeiture.  18 U.S.C. § 983 (c)(1).  Under the facts of this case, therefore, the United States is required to establish by a preponderance of the evidence "that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

The United States argues that it has established a substantial connection between the Defendant property and a drug transaction.  In the Verified Complaint, the United States has presented facts regarding a sale of marijuana on the Defendant property.

The claimants, Faisel Mohammed and Oritte Yousef, acknowledge that in opposing the Motion for Summary Judgment they could argue that the property was not used in a drug transaction, but they apparently concede that illegal drug activity occurred on the Defendant property.  See Brief and Memorandum of Law in Support at unnumbered page 4.  The claimants argue instead that they are innocent owners.  Id.

Under CAFRA, an "innocent owner" claiming an interest in property which existed at the time of the illegal conduct giving rise to the forfeiture is defined as one who (i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property. 18 U.S.C. § 983(d)(2)(A).

Faisel Mohammed and Oritte Yousef have provided affidavits and deposition testimony in this case to establish that they had no actual knowledge of any illegal drug transactions occurring on the Defendant property.

In response, the United States concedes that the claimants have raised a genuine issue of fact as to the innocent owner defense.  See United States' Response to Claimant's Opposition to United States Motion for Summary Judgment, page 2.  The United States urges the court to grant it partial summary judgment on the issue of the substantial connection of the Defendant property to illegal drug sales.

In view of the United States' Verified Complaint, the evidence presented by Faisel Mohammed and Oritte Yousef, and the United States' concession, the court finds that a question of fact precluding summary judgment exists as to the innocent owners defense. Because Faisel Mohammed and Oritte Yousef's evidence does not create a question of fact as to the United States' showing in the Verified Complaint that the Defendant property had a substantial connection to an illegal drug sale, however, the court will grant partial summary judgment as to that aspect of the United States' claim.

## V. <u>CONCLUSION</u>

For the reasons discussed, it is hereby ORDERED that the Motion for Summary Judgment is GRANTED only as to the issue of a substantial connection of the Defendant property to a sale of illegal drugs.  Claimants Faisel Mohammed and Oritte Yousef having created a genuine issue of fact as to the innocent owners defense, the Motion for Summary Judgment is ORDERED DENIED in all other respects.


Done this 26th day of April, 2005.


/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

5